**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> NXP SEMICONDUCTORS USA, INC. <br><br> Defendants. | C.A. No.: _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MOSAID Technologies Inc. ("MOSAID"), by and through its undersigned counsel, for its Complaint for Patent Infringement against Defendant NXP Semiconductors USA, Inc. hereby states:

THE PARTIES

1. Plaintiff MOSAID Technologies Inc. is a corporation subject to the laws of Canada with its principal place of business at 11 Hines Road, Suite 203, Ottawa, Ontario, Canada K2K 2X1. MOSAID's United States principal place of business is located at 5700 Granite Parkway, Suite 960, Plano, Texas 75024.

2. Defendant NXP Semiconductors, USA, Inc. ("NXP") is a Delaware corporation with its principal place of business at 411 E. Plumeria Drive, San Jose, California 95134. Defendant NXP may be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218. NXP is authorized to do business in the State of Texas, and regularly conducts such business within the State and within this judicial district by way of sales and product distributions.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

4. Subject-matter jurisdiction over MOSAID's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

5. This Court has personal jurisdiction over NXP, which has conducted and continues to conduct business in the State of Texas and in this Judicial District. NXP directly and/or through intermediaries makes, offers for sale, sells and/or advertises (including through a website) products and services in the State of Texas and in this Judicial District. NXP committed acts of patent infringement alleged herein within the State of Texas and, more particularly, within this Judicial District. NXP purposefully and voluntarily placed its infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the State of Texas and in this Judicial District. These infringing products have been and continue to be purchased by consumers in the state of Texas and in this Judicial District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b).

## ASSERTED PATENTS

7. On May 23, 2006, United States Patent No. 7,051,306 ("the '306 Patent," entitled "Managing Power on Integrated Circuits Using Power Islands") duly and legally issued. The '306 Patent relates to, among other things, power consumption management in integrated circuits. MOSAID is the owner of the '306 Patent and has all rights to enforce the '306 Patent with respect

to the Defendant. A copy of the '306 Patent is attached as Exhibit A.

8. On November 19, 1996, United States Patent No. 5,577,230 ("the '230 Patent," entitled "Apparatus and Method for Computer Processing Using an Enhanced Harvard Architecture Utilizing Dual Memory Buses and the Arbitration for Data/Instruction Fetch") duly and legally issued. The '230 Patent relates to, among other things, computer processors and memory architectures. MOSAID is the exclusive licensee of the '230 Patent and is the current owner of all rights to enforce the '230 Patent with respect to the Defendant. A copy of the '230 Patent is attached as Exhibit B.

9. On March 3, 1998, United States Patent No. 5,724,505 ("the '505 Patent," entitled "Apparatus and Method for Real-Time Program Monitoring via a Serial Interface") duly and legally issued. The '505 Patent relates to, among other things, monitoring computer program execution in microprocessor devices. MOSAID is the exclusive licensee of the '505 Patent and is the current owner of all rights to enforce the '505 Patent with respect to the Defendant. A copy of the '505 Patent is attached as Exhibit C.

10. On September 28, 1999, United States Patent No. 5,958,036 ("the '036 Patent," entitled "Circuit for Arbitrating Interrupts with Programmable Priority Levels") duly and legally issued. The '036 Patent relates to, among other things, interrupt priority arbitration in computer devices. MOSAID is the exclusive licensee of the '036 Patent and is the current owner of all rights to enforce the '036 Patent with respect to the Defendant. A copy of the '036 Patent is attached as Exhibit D.

11. On July 3, 2001, United States Patent No. 6,256,725 ("the '725 Patent," entitled "Shared Datapath Processor Utilizing Stack-Based and Register-Based Storage Spaces") duly and legally issued. The '725 Patent relates to, among other things, computer processor

architectures. MOSAID is the exclusive licensee of the '725 Patent and is the current owner of all rights to enforce the '725 Patent with respect to the Defendant. A copy of the '725 Patent is attached as Exhibit E.

12. On September 3, 2002, United States Patent No. 6,446,193 ("the '193 Patent," entitled "Method and apparatus for single cycle processing of data associated with separate accumulators in a dual multiply-accumulate architecture") duly and legally issued. The '193 Patent relates to, among other things, a method and apparatus for reducing instruction cycles in a digital signal processor. MOSAID is the exclusive licensee of the '193 Patent and is the current owner of all rights to enforce the '193 Patent with respect to the Defendant. A copy of the '193 Patent is attached as Exhibit F.

13. The '306 Patent, '230 Patent, '505 Patent, '036 Patent, '725 Patent, ' and 193 Patent are collectively referred to as the "Asserted Patents."

## GENERAL ALLEGATIONS

14. Defendant NXP has directly infringed and continues to directly infringe one or more of the Asserted Patents by making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the Asserted Patents. The infringing devices include, but are not limited to, processors, mobile products, microcontrollers, communications equipment, and system-on-chip devices.

15. Defendant NXP has indirectly infringed and continues to indirectly infringe one or more of the Asserted Patents by contributing to and actively inducing infringement of one or more of the claims of the Asserted Patents. Defendant NXP has notice of the Asserted Patents. The infringing devices are known by Defendant NXP to be especially made or especially adapted for use in an infringement of one or more of the Asserted Patents, and are not staple articles or

commodities of commerce suitable for substantial noninfringing uses. Defendant NXP contributes to the infringement of one or more of the Asserted Patents by selling or importing the infringing devices to third parties, such as end-users, resellers, partners, and distributors who incorporate the infringing devices into their products and/or practice one or more claims of the Asserted Patents. Defendant NXP actively induces infringement by encouraging the use of the infringing devices by the third parties in ways that infringe one or more of the claims of the Asserted Patents. Defendant NXP knew or should have known that such encouragement would induce infringement. Such induced and/or contributory infringement has occurred at least since Defendant NXP became aware of the Asserted Patents.

16. As a result, Defendant NXP has been and still is infringing one or more of the claims of the Asserted Patents as defined by 35 U.S.C. § 27l. MOSAID has suffered damage by reason of such infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

17. Defendant NXP has continued its infringing activities after receiving notice of the Asserted Patents despite the objectively substantial and high likelihood that it is liable for infringement of valid patent rights, and, therefore, such infringement is willful, entitling MOSAID to the recovery of increased damages under 35 U.S.C. § 284.

18. Infringement of one or more of the Asserted Patents by Defendant NXP renders this an "exceptional case" justifying an award of attorneys' fees and costs to MOSAID under 35 U.S.C. § 285.

19. MOSAID believes that Defendant NXP will continue to infringe one or more of the Asserted Patents unless enjoined by this Court. Such infringing activity causes MOSAID irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT ONE

### NXP's Infringement of the '306 Patent

20. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

21. Defendant NXP has been and is still directly infringing one or more of the claims of the '306 Patent. Defendant NXP's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '306 Patent, including but not limited to such devices as the NXP CX24501 and CX2427x Video Decoders. Defendant NXP has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '306 Patent. Defendant NXP's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (t), and (g).

## COUNT TWO

### NXP's Infringement of the '230 Patent

22. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

23. Defendant NXP has been and is still directly infringing one or more of the claims of the '230 Patent. Defendant NXP's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '230 Patent, including but not limited to the NXP LPC3180 Microcontroller. Defendant NXP has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '230 Patent. Defendant NXP's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a),

(b), (c), (t), and (g).

## COUNT THREE

### NXP's Infringement of the '505 Patent

24. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

25. Defendant NXP has been and is still directly infringing one or more of the claims of the '505 Patent. Defendant NXP's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '505 Patent, including but not limited to the NXP LCP3180 Microcontroller. Defendant NXP has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '505 Patent. Defendant NXP's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (f), and (g).

## COUNT FOUR

### NXP's Infringement of the '036 Patent

26. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

27. Defendant NXP has been and is still directly infringing one or more of the claims of the '036 Patent. Defendant NXP's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '036 Patent, including but not limited to the NXP LPC17xx Microcontrollers (e.g., the LPC175X Fast Communications Chip and the LPC176X Fast Communications Chip). Defendant NXP has been and is still contributing to the infringement of and/or actively inducing

third parties, such as end users, that directly infringe one or more of the claims of the '036 Patent. Defendant NXP's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (t), and (g).

## COUNT FIVE

### NXP's Infringement of the '193 Patent

28. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

29. Defendant NXP has been and is still directly infringing one or more of the claims of the '193 Patent. Defendant NXP's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '193 Patent, including but not limited to the NXP LPC3180 Microcontroller. Defendant NXP has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '193 Patent. Defendant NXP's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (t), and (g).

## COUNT SIX

### NXP's Infringement of the '725 Patent

30. MOSAID incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth herein.

31. Defendant NXP has been and is still directly infringing one or more of the claims of the '725 Patent. Defendant NXP's infringing acts include, but are not limited to, making, using, offering to sell, selling, or importing devices within the scope of one or more of the claims of the '725 Patent, including but not limited to the NexperiaPNX4008 Mobile Multimedia

Application Processor. Defendant NXP has been and is still contributing to the infringement of and/or actively inducing third parties, such as end users, that directly infringe one or more of the claims of the '725 Patent. Defendant NXP's actions are in violation of one or more of the provisions of 35 U.S.C. § 271(a), (b), (c), (t), and (g).

## PRAYER FOR RELIEF

WHEREFORE, MOSAID prays for entry of judgment and an order that:

(1) Defendant NXP has infringed one or more of the claims of the Asserted Patents, either literally and/or under the doctrine of equivalents;

(2) Defendant NXP account for and pay to MOSAID all damages, assessment of interest, and costs of MOSAID caused by Defendants' patent infringement;

(3) MOSAID be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendant NXP, its officers, agents, servants, employees, affiliates and those persons in active concert of participation with NXP from further acts of patent infringement of the Asserted Patents;

(4) In the event the Court determines that it will not enter injunctive relief, Defendant NXP continues to pay royalties to MOSAID for its infringement of the Asserted Patents on a going-forward basis;

(5) Defendant NXP account for and pay for increased damages for willful infringement under 35 U.S.C. § 284;

(6) Costs and attorney's fees be awarded to MOSAID, as this is an exceptional case under 35 U.S.C. § 285; and

(7) MOSAID be granted such further and additional relief as the Court may deem just and proper under the circumstances.

DEMAND FOR JURY TRIAL

MOSAID demands trial by jury on all claims and issues so triable.

November 5, 2012                                    Respectfully submitted,

/s/ S. Calvin Capshaw
S. Calvin Capshaw
Texas State Bar No. 03783900
EMail:  ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
Texas State Bar No. 05770585
Email:  ederieux@capshawlaw.com
D. Jeffrey Rambin
Texas State Bar No. 00791478
Email: jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787

OF COUNSEL:

Steven G. Hill
Georgia Bar No. 354658
E-Mail:  sgh@hkw-law.com
Douglas R. Kertscher
E-Mail:  drk@hkw-law.com
Georgia Bar No. 416265
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia  30339
Tel:  (770) 953-0995

*Attorneys for Plaintiff Mosaid Technologies Inc.*